Eva TOLANO, as surviving wife of Selso Tolano, her husband, deceased, et al., Appellants,

v.

NATIONAL UNION INSURANCE COMPANIES, a foreign corporation, Appellee.

No. 23125.

United States Court of Appeals Ninth Circuit.

Dec. 5, 1969.

Rehearing Denied Dec. 30, 1969.

Paul G. Rees, Jr. (argued), of Rees, Estes & Browning, Tucson, Ariz., for appellants.

John U. Vinson (argued), of Murphy & Vinson, Tucson, Ariz., for appellee.

Before CHAMBERS, CARTER and KILKENNY, Circuit Judges.

CHAMBERS, Circuit Judge.

The judgment of the district court is affirmed.

Young Buick, Inc., of Tucson, sold an automobile to Mrs. Ellen McGlade on credit. The paper work on the sale was certainly confusing. A state certificate of title was issued to Mrs. McGlade showing a lien in favor of a credit company that refused to finance the deal. So, Young Buick apparently carried the debt on a basis that was probably no better than an open account.

Mrs. McGlade drove the car into an automobile driven by Selso Tolano, who died as a consequence. The appellant, Eva Tolano, is the surviving wife of Selso. Other appellants were injured.

Civil judgments against Mrs. McGlade for sizable sums were obtained for the widow and the passengers who survived. Obviously Mrs. McGlade is about judgment proof.

So, the plaintiffs (appellants here) sought to recover against National Union, basing their claims on a "garage policy" written for Young Buick. (The case was removed from state to federal court.) Eventually a directed verdict was entered in favor of defendant.

■ We think that the fact that Mrs. McGlade had fully discharged her debt to Young Buick at the time of the accident and that it therefore had no possible beneficial interest in the car fully precludes any possibility of recovery here. We do not consider what the situation might have been if Young Buick had had some interest. Maybe these plaintiffs would have been in a better position, maybe not.

Of course, the language of the policy was written to protect Young Buick from liability and not as an umbrella for all of its customers.

Young Buick employees may have represented to Mrs. McGlade that she was "covered." But Young Buick did not sell insurance for National and their employees had no authority to sell for it. And, it is doubtful if they represented that anything but the value of her car was protected. And, Mrs. McGlade paid nothing to Young Buick or National for insurance.

Essentially the "garage policy" covered some automobiles (and the driving thereof) in which the garage had an interest.

■ As they should be, close questions are resolved against insurance companies. But this one is not close. What Arizona would do here is clearly indicated in our recent decision of Wallace v. Employers Casualty Company, 9 Cir., 418 F.2d 1323, decided November 18, 1969. And, here National Union's position is stronger than Employers was. Here Young Buick, the seller, had no right left against the car or the purchaser, and the state's official title certificate had been issued showing Mrs. McGlade as the

registered owner, but whether the title certificate was in her hands or Young Buick's is not clear.

The district court was clearly right.

Judgment affirmed.